**Oren S. GRIFFIN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 84–155 ERIE.**

United States District Court,
W.D. Pennsylvania.

April 9, 1985.

Judith E. Wilson, Northwestern Legal Services, Erie, Pa., for plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., and Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

This case is before the court on cross-motions for summary judgment filed by the parties as part of our review of the Secretary's final decision denying plaintiff's application for disability insurance and supplemental security income.

Mr. Griffin was born on January 14, 1923 and would have been 58 years old at the alleged onset of his disability in 1981. He has a seventh grade education. He worked as a metal polisher for Erie Plating until 1980 when he underwent a back operation having part of a disc removed. He was on sick leave for approximately one year when he was called back to work. Mr. Griffin continued to work until July 24, 1981 when he was let go because he could not keep up the pace. At that time he was experiencing back pain and fatigue.

Mr. Griffin was diagnosed as suffering from squamous cell carcinoma of the larynx in September 1982. Following two months of chemotherapy, the plaintiff underwent a total larnygectomy on October 18, 1982, and a few months later he began using an electrolarynx machine to speak. Mr. Griffin has difficulty breathing cold air, difficulty swallowing and eating. He has trouble getting people to listen to him because of the laryngectomy and the voice machine which he must use. Further, the voice machine requires the use of one arm thereby limiting his bilateral activity and it was found to be worthless in phone conversations. He has no sense of smell or taste and no saliva in his mouth. He cannot tolerate dust. His wife frequently interprets his speech around others and generally accompanies him when he goes out, although at the time of the hearing he was able to operate an automobile alone and did so infrequently. Mr. Griffin tires easily and gets dizzy if he stands for very long. He can walk only three or four blocks. He requires a humidifier on his furnace at home as well as a portable humidifier in the room with him to prevent him from coughing and choking. In June, 1983, Mr. Griffin was treated for dysphagia and a bougie dilation of the esophagus was performed. The dysphagia has persisted and no further therapy is available. Mr. Griffin also suffers from diabetes which is diet controlled.

Dr. Kirk Steehler, Mr. Griffin's treating physician, states that Mr. Griffin is a candidate for disability and that his condition restricts his employability. Loret Egelston of the Office of Vocational Rehabilitation, states that Mr. Griffin is unemployable.

Mr. Griffin filed applications for disability insurance and Supplemental Security Income benefits on April 26, 1983. These applications were denied initially and on reconsideration by the Office of Disability Operations. The case was considered *de novo* by an Administrative Law Judge (ALJ). In a decision dated January 30, 1984 the ALJ decided that the plaintiff's impairment was not severe and benefits were denied. The Appeals Council denied plaintiff's request for review making the

Secretary's decision final on March 30, 1984.

■ The issue now before this court on appeal is whether or not the Secretary's decision is supported by substantial evidence. We find that it is not.

The Secretary's regulations at 20 C.F.R. § 416.920 provide for the sequential evaluation of a claim for disability. The Administrative Law Judge (ALJ) must first determine if the claimant is working. Since Mr. Griffin is not working, the next step is to determine whether the impairment is "severe". A severe impairment under the regulations is described as one which limits physical or mental ability to "do basic work activity." 20 C.F.R. § 416.920(c). "Basic work activity" is defined as the ability and aptitude necessary to do most jobs, including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying and handling as well as capacities to see, hear and speak. 20 C.F.R. § 416.921(a).

In determining that Mr. Griffin did not have a severe impairment, the ALJ appears to have ignored medical evidence of record and to have concentrated on the success of Mr. Griffin's surgery in controlling the cancer and on the fact that there is no evidence of a recurrence of metastasis. The ALJ indicates that he had no difficulty in understanding the responses made by the claimant, and that the claimant has no exertional restrictions on his ability to stand, walk, lift or carry. (Tr. p. 12). However, the transcript of Mr. Griffin's testimony shows that his speech was generally unintelligible to the court reporter. The testimony of Mrs. Griffin and Mr. Griffin's doctor further establishes that Mr. Griffin has considerable difficulty communicating. The evidence also indicates that Mr. Griffin tires easily, gets dizzy if he stands for any length of time, and that he requires a dust-free, moist environment to avoid coughing spells. Mr. Griffin's back problems have limited his physical functioning and stamina. Mr. Griffin cannot use both hands and talk at the same time since the electrolarynx requires the use of one arm. We have

no doubt that the evidence establishes that Mr. Griffin's ability to do basic work activity as it is defined in 20 C.F.R. § 416.921(a) is limited by his physical impairments. This constitutes a severe impairment. 20 C.F.R. § 416.920(c). The Secretary's decision that Mr. Griffin's impairment is not severe is not supported by substantial evidence.

■ Once the claimant has established that he has a severe impairment, he must either establish that his impairment is listed in Appendix 1 in which case a determination of diability is mandated, or that his severe impairment prevents him from doing his past relevant work. 20 C.F.R. 404.-1520(e). Mr. Griffin's impairment is not listed in Appendix 1. However, the ALJ found that Mr. Griffin should avoid the range of jobs involving constant exposure to dust or fumes. Since Mr. Griffin's past relevant work was as a metal polisher in which job he was exposed to considerable dust and fumes, this finding by the ALJ is equivalent to a finding that Mr. Griffin's severe impairment prevents him from doing his past relevant work.

■ The next step in the decision making process requires a showing by the Secretary that the claimant can do less demanding substantial gainful work, given his age, education, and work experience. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). In this step, the burden of going forward with the evidence shifts to the Secretary. *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982). The Secretary can meet this burden by direct testimony of a vocational expert or by use of the medical-vocational guidelines. See 20 C.F.R. Part 404, subpart P, App. 2. If there are jobs which the claimant can perform then there is no disability. The evidence of record indicates that Loret Egelston, a Rehabilitation Counselor of the Office of Vocational Rehabilitation, evaluated Mr. Griffin's employment potential. After considering his age, limited education, disability, and lack of transferrable job skills, Ms. Egelston found him unemployable. The Secretary provided no

testimony from a vocational expert or otherwise which refutes this evidence.

▇ As for the medical-vocational guidelines, the evidence indicates that Mr. Griffin was 58 years old at the time of the onset of disability and therefore is of advanced age, 20 C.F.R. § 404.1563(d); and that he had limited education, 20 C.F.R. § 404.1564(b)(3). Due to the moist, dust-free environment which Mr. Griffin requires, his inability to communicate and use both hands at the same time, and the fact that he tires easily and becomes dizzy while standing, it appears that whatever skills or semi-skills he acquired as a metal polisher would be nontransferable. Part 404, Subpart P, Appendix 2, § 201.00(f) and (g). These three traits of advanced age, limited education and nontransferable skills normally warrant a finding of disability under the medical-vocational guidelines. *Id.* The evidence establishes that Mr. Griffin met this criteria as of September, 1982 when he was diagnosed as having squamous cell carcinoma of the larynx. There is insufficient evidence prior to that date to carry plaintiff's burden to establish that Mr. Griffin's skills were not transferable, and we cannot say that such a decision by the Secretary would have been unsupported by the evidence.

Therefore, the plaintiff's motion for summary judgment will be granted to the extent that plaintiff is awarded benefits as of September, 1982. The Secretary's motion for summary judgment will be denied. An appropriate order will issue.